**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 17 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50201 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-00104-LAB |
| v. | |
| GABRIEL SALAS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted January 15, 2019[**]

Before:     TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Gabriel Salas appeals from the district court's judgment and challenges the
151-month sentence imposed following his guilty-plea conviction for importation
of methamphetamine and cocaine, in violation of 21 U.S.C. §§ 952 and 960. We
have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Salas contends that the district court misinterpreted and misapplied the minor role Guideline, U.S.S.G. § 3B1.2, and its commentary in denying his request for a minor role reduction. We review the district court's interpretation of the Guidelines de novo and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

The record reveals that the district court identified the correct legal standard and considered the five factors listed in the commentary before determining that Salas was not "substantially less culpable than the average participant." *See* U.S.S.G. § 3B1.2 cmt. n.3(A), (C). Contrary to Salas's contention, the district court properly compared Salas's culpability to known and likely co-participants in the offense and did not err by considering Salas's criminal history in addition to the commentary's non-exhaustive factors. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016) ("[B]ecause the factors set forth in the Amendment are non-exhaustive, a district court may also consider other reasons for granting or denying a minor role reduction."). The district court did not abuse its discretion by denying the minor role adjustment in light of the totality of the circumstances, including Salas's prior successful drug crossings and the large amount of drugs Salas smuggled. *See* U.S.S.G. § 3B1.2 cmt. n.3(C); *Quintero-Leyva*, 823 F.3d at 523.

Salas also contends that the sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The low-end Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED**.

18-50201